1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

9 EASTERN DISTRICT OF CALIFORNIA

10 | MANUAL ALCALA FARIAS,                    )   1:09-cv-01267 LJO GSA
                                            )
11 |                                         )
                     Plaintiff,             )   ORDER DISMISSING COMPLAINT WITH
12 |                                         )   LEAVE TO AMEND
           v.                               )
13 |                                         )
     GEICO,                                  )
14 |                                         )
                     Defendant.             )
15 |  _____  )

16
17

18        Plaintiff Manuel Alcala Farias, appearing pro se and proceeding in forma pauperis, filed a

19 complaint on July 21, 2009.  Plaintiff names Government Employees Insurance Company or

20 GEICO as Defendant.

21                                    **DISCUSSION**

22   **A.**     ***Screening Standard***

23        Pursuant to Title 28 of the United States Code Section 1915(e)(2), the court has reviewed

24 the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion

25 thereof if the court determines that the action is legally "frivolous or malicious," fails to state a

26 claim upon which relief may be granted, or seeks monetary relief from a defendant who is

27 immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard,

28 the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v.*

1

1   *Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in

2   the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)),

3   and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

4         Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

5   showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Although the Federal

6   Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of

7   the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th

8   Cir. 1984).

9         **B.      *Plaintiff's Allegations***

10        Plaintiff's complaint is largely incomprehensible.  He asserts, in a single page, that he

11  "cannot have a fair agreement with Geico employees" and therefore seeks "fair justice" following

12  a spinal or back injury caused on June 29, 2007.  He "petition[s] for lifetime med[i]cine" and

13  "also a strong compensation."

14        **C.      *Discussion***

15        Federal courts are courts of limited jurisdiction and lack inherent or general subject

16  matter jurisdiction.  Federal courts can adjudicate only those cases authorized by the United

17  States Constitution and Congress.  Generally, those cases involve diversity of citizenship or a

18  federal question, or cases in which the United States is a party.  *Kokkonen v. Guardian Life Ins.*

19  *Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct.

20  2003, 2008 (1989).  Federal courts are presumptively without jurisdiction over civil actions, and

21  the burden to establish the contrary rests on the party asserting jurisdiction.  *Kokkonen*, 511 U.S.

22  at 377.  Lack of subject matter jurisdiction is never waived and may be raised by the Court sua

23  sponte.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir.

24  1996).  "Nothing is to be more jealously guarded by a court than its jurisdiction.  Jurisdiction is

25  what its power rests upon.  Without jurisdiction it is nothing."  *In re Mooney*, 841 F.2d 1003,

26  1006 (9th Cir. 1988).

27        Federal Rules of Civil Procedure, Rule 8, establishes general pleading rules and provides

28  in pertinent part:

1          (a) Claim for Relief.  A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless
2     the court already has jurisdiction and the claim needs no new jurisdictional
support; (2) a short and plain statement of the claim showing that the pleader is
3     entitled to relief; and (3) a demand for the relief sought, which may include relief
in the alternative or different types of relief.

4

5          Plaintiff has failed to allege the deprivation of a federal constitutional or statutory right.

6     Plaintiff appears to be making a claim that Defendant has acted wrongfully or improperly, but

7     fails to explain the conduct in any way.  Plaintiff's complaint is void of establishing the court's

8     jurisdiction because he has not cited to any statutory or other legal authority in the complaint to

9     establish federal court jurisdiction.  In fact, he makes no mention whatsoever of the Constitution

10    or federal law.[1]  A reference to "federal court justice" is insufficient.  A pleading may not simply

11    allege a wrong has been committed and demand relief.  The underlying requirement is that a

12    pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests."

13    *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air*

14    *Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

15          To the degree Plaintiff believes GEICO is affiliated with the United States Government,

16    and thus may be properly subject to suit in this Court, he appears mistaken.  In fact, as an exhibit

17    to his Complaint he has appended a letter of June 15, 2009, from GEICO. At the bottom of the

18    letter appears the following phrase: "Shareholder Owned Companies *Not* Affiliated With The

19    U.S. Government."  (Emphasis added.)

20          Title 28 of the United States Code section 1332 defines diversity and provides in relevant

21    part: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in

22    controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between

23    - (1) *citizens of different States . . ..*"  Here, the Court notes that Plaintiff has indicated that both

24    he and Defendant GEICO are citizens of California.  *See* Civil Cover Sheet dated 7/11/2009.

25    _____

26          [1]Despite being asked to check "one box only" in section II - Basis of Jurisdiction - on the
Civil Cover Sheet, Plaintiff checked three boxes: the United States Government as Plaintiff *and*
27    Defendant, and Federal Question.  In section IV - Nature of Suit - asked again to check "one box
only," Plaintiff checked three boxes: subcategory Contract-Insurance, and subcategories Personal
28    Injury-Motor Vehicle and Motor Vehicle Product Liability.  He also indicated the proceeding was
both original and removed, as well as class action proceeding.

3

1  Thus, while Plaintiff demands the sum of $125,000, which exceeds the required amount in

2  controversy, there is no diversity for both parties are citizens of California.  Plaintiff shall be

3  given an opportunity to amend his complaint to assert proper diversity of citizenship, if in fact it

4  exists.  Plaintiff is directed to Title 28 of the United States Code section 1332(c)(1) concerning

5  citizenship of a corporation.

6        Because Plaintiff has not alleged a deprivation of a constitutional or statutory right, and

7  diversity jurisdiction has not been established, his complaint fails to establish this Court's subject

8  matter jurisdiction.  In the absence of subject matter jurisdiction, this Court is unable to proceed

9  on Plaintiff's claims.

10        Additionally, it may be that Plaintiff is not pleased with the proffer of GEICO, on behalf

11  of its insured Jose Tafoya, of $6,500.00 in settlement of his claims.  *See* GEICO letter of 6/15/09.

12  However, Plaintiff's apparent displeasure with the offer to settle does not state a claim.  A

13  pleading may not simply allege a wrong has been committed and demand relief.  *Conley v.*

14  *Gibson*, 355 U.S. at 47-48; *Yamaguchi v. United States Department of Air Force*, 109 F.3d at

15  1481.

16        Finally, this Court is concerned that Plaintiff has brought this action in absence of good

17  faith.  Moreover,   Plaintiff recently brought another action in this Court wherein he named

18  Sidney P. Chapin, Kern County Superior Court Judge, as a defendant.  *See Farias v. Chapin*,

19  Case No. 1:09-CV-1228-LJO-DLB.  Notably however, on the Civil Cover Sheet - in both that

20  matter and the instant matter - Plaintiff referenced the same "related case" in Kern County

21  Superior Court, case number S-1500CV-267172.

22                         **CONCLUSION**

23        For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND.

24  Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this

25  order.  If Plaintiff fails to file a first amended complaint, the Court will recommend that this

26  action be dismissed for failure to follow a court order.

27

28        Plaintiff is cautioned that an amended complaint supercedes the original complaint

1  (*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565,

2  567 (9th Cir. 1987)), and must be "complete in itself without reference to the prior or superceded

3  pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

4  original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d

5  at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord*

6  *Forsyth*, 114 F.3d at 1474.

7

8      IT IS SO ORDERED.

9      **Dated:   August 17, 2009**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28