# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUAL ALCALA FARIAS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GEICO,<br><br>　　　　　　Defendant. | 1:09-cv-01267 LJO GSA<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |

Plaintiff Manuel Alcala Farias, appearing pro se and proceeding in forma pauperis, filed his amended complaint on August 28, 2009. Plaintiff again names Government Employees Insurance Company or GEICO as Defendant.

## DISCUSSION

**A.**　*Screening Standard*

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v.*

1  *Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in
2  the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)),
3  and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not. *Iqbal*, at 1949.

### B. *Plaintiff's Allegations*

Plaintiff's complaint remains largely incomprehensible.  He again asserts that he cannot reach an agreement with GEICO regarding personal injuries he suffered as the result of a June 29, 2007, accident between he and GEICO's insured, Jose Tamayo. (Doc. 7 at 1.)  Plaintiff also now indicates that his civil rights have been "victimated [*sic*] violated denied" by Kern County Superior Court Judge Sidney P. Chapin, and references case number "1500-cv-267172." Plaintiff does not allege a cause of action however he does reference the First Amendment of the United States Constitution to redress his grievances.

His complaint is twenty-one (21) pages in length, however, nineteen of the twenty-one pages include, *inter alia*, the following documents:  a copy of correspondence directed to Plaintiff from Defendant GEICO (Doc. 7 at 3-4), a copy of this Court's "*Pro Se Package: A Simple Guide To Filing A Civil Action*" (Doc. 7 at 5-12), a blank summons form that Plaintiff has attempted to complete (Doc. 7 at 15-16), and a copy of Plaintiff's previously-filed Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 7 at 17-18).  Only the first page of the

amended complaint appears to demonstrate any attempt by Plaintiff to amend his complaint to cure the previously-identified deficiencies.

As a remedy, Plaintiff asks for "lifetime medecine [*sic*] and fair compensation" for the back injury he suffered. (Doc. 7 at 1.)

### C. *Discussion*

#### 1. **Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests on the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Plaintiff is relying upon the First Amendment to the United States Constitution for this Court's jurisdiction. He fails however to articulate a basis for any purported violation of his First Amendment rights. The First Amendment provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

Plaintiff has failed to identify how the First Amendment provides this Court with jurisdiction to hear his claim. His claim does not involve the establishment of religion, the prohibition thereof, freedom or speech or press, nor the right of the people to assemble.

3

It appears Plaintiff cites the last order issued in this case as providing a basis for this Court's jurisdiction. He states "jurisdiction of federal court decided my case: 1:090cv01267-LJO-GSA by United States Amendment One for redress of grievances." (Doc. 7 at 1.) However, the prior decision gave Plaintiff an opportunity to amend his complaint to state a federal question or establish diversity. He has failed to state a claim in either the initial complaint or the amended complaint.

As previously indicated, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

To the degree Plaintiff continues to assert GEICO is affiliated with the United States Government, and thus may be properly subject to suit in this Court as a federal government defendant, he is mistaken. GEICO's letter dated June 15, 2009, specifically states: "Shareholder Owned Companies *Not* Affiliated With The U.S. Government." (Doc. 7 at 3, emphasis added.) Moreover, Plaintiff was specifically advised in this Court's Order dated August 17, 2009 (Doc. 6), that GEICO is not affiliated with the federal government and another basis for this Court's jurisdiction was necessary.

Title 28 of the United States Code section 1332 defines diversity and provides in relevant part: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - (1) *citizens of different States . . ..*" Here again, the Court notes that Plaintiff has indicated that both he and Defendant GEICO are citizens of California, thus destroying diversity. (*See* Doc. 7 at 13.) Plaintiff was previously provided an opportunity to amend his complaint to assert proper diversity of citizenship (Doc. 6), yet he has failed to do so.

    **2.**    **Civil Rights Claim**

To the degree Plaintiff is now attempting to allege a civil rights claim, pursuant to Title 42 of the United States Code section 1983, wherein he contends his "civil rights" have been

4

violated by Kern County Superior Court Judge Sidney P. Chapin (Doc. 7 at 1 ["my civil rights are victimated (*sic*) violated denied in superior court . . . by judge of state court Sidney P. Chapin . . ."]), he has failed to state a cognizable claim.

State court judges and prosecutors are immune from liability under Title 42 of the United States Code section 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under § 1983); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). Therefore, Kern County Superior Court Judge Chapin is entitled to immunity. Morever, as previously pointed out in its earlier order, this Court is concerned that Plaintiff has brought this action in absence of good faith and in an attempt to take advantage of cost-free filing to vex GEICO.

Lastly, Plaintiff recently brought another action in the United States District Court for the Eastern District wherein he expressly named Sidney P. Chapin, Kern County Superior Court Judge, as a defendant in that matter. *See Farias v. Chapin*, Case No. 1:09-CV-1228-LJO-DLB. Additionally, in that Court's findings and recommendations of July 31, 2009, Plaintiff was similarly advised that "judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." (See 09-1228, Doc. 5 at 3.)

**RECOMMENDATION**

Plaintiff's amended complaint fails to state claims upon which relief may be granted, and Plaintiff has not cured these deficiencies by amendment. Additionally, it appears that granting Plaintiff further leave to amend would be futile.

Accordingly, this Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 9, 2009**               **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE